It is further ordered that judgment for the defendants shall be entered; and

It is further ordered that plaintiff shall pay costs in this action; and

It is further ordered that the time for appeal shall run from this date.

Edward **LINDSEY**

v.

**MODERN AMERICAN MORTGAGE CORPORATION.**

**Civ. A. No. CA3–74–845–F.**

United States District Court,
N. D. Texas,
Dallas Div.

Oct. 29, 1974.

Michael A. McDougal, Dallas, Tex., for plaintiff.

Patricia Abbitt, Dallas, Tex., for defendant.

## OPINION AND ORDER

ROBERT W. PORTER, District Judge.

This case arises under the Federal Housing Act of 1968, 42 U.S.C. § 3605, which outlaws racial discrimination in residential financing by banks, mortgage companies and other lending institutions.

Edward Lindsey, in his amended complaint, alleges that Modern American Mortgage Corporation discriminated against him because of his race (black). Specifically, Lindsey charges that the mortgage company foreclosed on his delinquent loan and sold his home although he was making a bona fide effort to update his late payments. Lindsey alleges that the mortgage company would not have taken the action it did, nor would have acted so arbitrarily and indifferently, if it had been dealing with a white person who was trying to make up a delinquent account.

The Defendant has moved to dismiss for failure to state a claim upon which relief can be granted.[1]

The statute in question is short and its wording is important to the disposition of the Motion to Dismiss. It reads:

. . . [I]t shall be unlawful for any . . . corporation . . . whose business consists in whole or in part in the making of commercial real estate loans, to deny a loan . . . to a person applying therefor for the purpose of purchasing . . . a dwelling, or to discriminate against him in . . . *other terms or conditions* of such loan . . . because of the race, color, religion, or national

origin of such person . . . [emphasis added]

Lindsey proceeds on the theory that foreclosure on a delinquent mortgage loan is one of the "other terms and conditions" of the loan and is encompassed by the act.

The statute has been in effect since January 1, 1969. Since that time, several courts have mentioned it in passing, but this Court is aware of only one reported case in which the statute was central to the litigation. In Hunter v. Atchinson, 466 F.2d 490 (6th Cir. 1972), the Plaintiff alleged that the Defendant lender's "policy of tolerance" in acting on past due accounts was substantially lower for black customers than it was for white customers under the same circumstances. The Sixth Circuit's decision to vacate and remand the district court's dismissal of the complaint centered on the statute of limitations[2] applicable to the case, not on the merits. The Court seemed satisfied that the Plaintiff had stated a claim upon which relief could be granted, provided the suit was timely filed.[3]

■ In the case at bar, I believe the Plaintiff has stated a claim under the statute. This is not intended to express any opinion as to the merits of the case, of course. Whether the Plaintiff can establish by a preponderance of evidence that the Defendant had a discriminatory foreclosure policy, and that he was harmed by it, remains to be seen at trial.

■ As to damages, the Court notes that Lindsey's complaint prays for $1,000.00 actual damages and $9,000.00 punitive damages, plus costs and attorney's fees. The prayer for punitive damages exceeds the amount allowed by statute[4] and must be reduced to $1,000.00.

---

1. Rule 12(b), Federal Rules of Civil Procedure.

2. 42 U.S.C. § 3612(a).

3. The office of the United States District Clerk for the Eastern District of Michigan

at Flint has advised this Court that the Hunter vs. Atchinson case is still pending, awaiting trial.

4. 42 U.S.C. § 3612(c).

In accordance with the foregoing, it is ordered:

1. The Defendant's Motion to Dismiss is overruled.

2. The Defendant is allowed twenty days in which to answer the complaint or otherwise plead.

3. The prayer for punitive damages of $9,000.00 is stricken and the amount of $1,000.00 is substituted therefor.